**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY GARRETT, JR.,

     Petitioner - Appellant,

vs.

BRUCE HOWARD, Warden,

     Respondent - Appellee.

No. 06-5160
(D.C. No. 06-CV-0002-CVE-SAJ)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Jimmy Garrett, Jr., an state inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's dismissal of his petition for a writ of habeas corpus. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court held that Mr. Garrett's petition was time-barred under the one-year limitation period of 28 U.S.C. § 2244(d). Because Mr. Garrett has failed to demonstrate that the district court's ruling concerning the timeliness of his petition is reasonably debatable, we DENY his request for a COA and DISMISS his appeal.

Background

On July 30, 2004, Mr. Garrett pled guilty to two counts of injury to a minor child. He received concurrent sentences of seven years (with three years suspended) and a fine of $500 on Count 1 and five years (with one year suspended) on Count 2. Mr. Garrett did not file a motion to withdraw his plea, a necessary prerequisite to a direct appeal before the Oklahoma Court of Criminal Appeals ("OCCA"). See Okla. Crim. App. R. 4.2.

One year later, on August 1, 2005, Mr. Garrett filed a petition for 365 day judicial review. This letter request was denied in an order dated August 8. Mr. Garrett then filed an application for state post-conviction relief on August 15, which was denied by an order filed on September 23. The OCCA affirmed the order denying post-conviction relief on November 14.

Mr. Garrett subsequently filed his federal habeas petition on January 3, 2006. The state moved to dismiss the petition on the ground that it was not timely filed, and the district court granted this motion and dismissed the petition with prejudice. R. Doc. 12. On appeal, Mr. Garrett argues the merits of his claims and asserts that he was entitled to equitable tolling of the limitation period.

## Discussion

We may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant

must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . ." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where, as here, the district court dismisses a petition on procedural grounds without reaching the merits, the applicant must also convince us "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. In evaluating Mr. Garrett's claims, we construe his pro se filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The statute provides that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the limitation period began to run on "the date on which the judgment became final by the . . . expiration of time for seeking [direct] review." Id. § 2244(d)(1)(A). Under state procedural rules, a defendant must file an application to withdraw his guilty plea within ten days of the pronouncement of judgment and sentence against him in order to commence an appeal. See Okla. Crim. App. R. 4.2. His failure to do so means that his conviction became final for the purposes of § 2244 on August 9, 2004–ten days after the pronouncement of judgment and sentence on July 30–and he had until August 9, 2005, to file a federal habeas petition. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001).

The running of the one-year limitation period is tolled during the pendency

of state post-conviction relief proceedings.  See 28 U.S.C. § 2244(d)(2).  On August 1, 2005, Mr. Garrett filed a petition seeking judicial review and modification of his sentence.  Okla. Stat. Ann. tit. 22, § 982a.  This did not toll the federal limitation period, however, because such a petition seeks discretionary review and is not appealable, meaning that it is not an "application for State post-conviction or other collateral review" under § 2244.  See Todd v. Miller, No. 06-5057, 2006 WL 2328757, at *2 (10th Cir. Aug. 11, 2006).  Moreover, Mr. Garrett's petition for state post-conviction review, filed on August 15, did not toll the one-year limitation period, which had already expired on August 9.  See Fisher, 262 F.3d at 1142-43.

Mr. Garrett argues that we should consider the limitation period equitably tolled because he is actually innocent.  See Schlup v. Delo, 513 U.S. 298, 324-29 (1995).  We have held that an inmate must diligently pursue his claims in order to benefit from equitable tolling, Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), and we agree with the district court that no evidence suggests that Mr. Garrett diligently pursued his claims and was somehow misled or hampered by the state.  R.  Doc. 12 at 6.  Mr. Garrett's general assertions that his attorney did not inform him of his right to appeal and that the prison lacked adequate legal research materials are insufficient.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Miller, 141 F.3d at 978.

Moreover, Mr. Garrett's legal argument of actual innocence is not

- 4 -

convincing.  Mr. Garrett contends that, although he pled guilty to two counts of injury to a minor child, his actions were exempted from criminal sanction by Okla. Stat. Ann., tit. 21, § 844.  Under § 844, an adult is allowed to use "ordinary force as a means of discipline, including but not limited to spanking, switching or paddling."  The factual question of whether Mr. Garrett's actions amounted to "ordinary force as a means of discipline" was ripe for disposition at a trial.  However, Mr. Garrett waived his right to trial by pleading guilty, and the sentencing judge must necessarily have concluded that the facts Mr. Garrett admitted exceeded "ordinary force."  Mr. Garrett has not demonstrated a substantial likelihood that he is actually innocent.

We DENY Mr. Garrett's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge