**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 2, 2007**

**TENTH CIRCUIT**

ROBERT J. CLEMENS,

      Petitioner-Appellant,

v.

JESSE T. SUTTER,

      Respondent-Appellee.

No. 07-5004

(D.C. No. CV-06-014-K)

(N. D. Oklahoma)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

      Robert J. Clemens, a state prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred. The matter is before this court on Clemens' request for a certificate of appealability (COA). Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and, because no "jurist[] of reason could conclude that the District Court's dismissal on procedural grounds was . . . incorrect," Slack v. McDaniel, 529 U.S. 473, 485 (2000), we deny a COA and dismiss the matter.

      On April 1, 2002, Clemens pled guilty in Oklahoma state court to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

manufacturing methamphetamine and was sentenced to twenty-one years of imprisonment. Clemens made no effort to seek modification of his sentence until January 22, 2003, when he filed a motion for judicial review, which was denied the next day. Thereafter, on April 13, 2004, Clemens first challenged the validity of his conviction by filing an application for state post-conviction relief seeking an appeal out of time. That application was denied on May 12, 2004, and the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of post-conviction relief on July 23, 2004. On July 14, 2005, Clemens filed a petition for writ of habeas corpus in state district court, which was denied on August 15, 2005. Then, on January 6, 2006, Clemens filed a petition under 28 U.S.C. § 2254 in federal court alleging numerous constitutional violations, including ineffective assistance of counsel, and asserting actual innocence. The federal district court denied Clemens' petition as time-barred.

Clemens has appealed the denial of his § 2254 petition, and has filed an application for a COA. A COA is a jurisdictional prerequisite to Clemens' pursuit of this appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). As such, we construe Clemens' appellate brief in support of his notice of appeal as additional argument in support of his application for a COA. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Clemens to show "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack 529 U.S. at 484 (quotation omitted). When, as here, the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 478.

In pertinent part, the Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 petitions, beginning on the latest of (1) the date the judgment becomes final, (2) the date on which an impediment created by the state in violation of the Constitution is removed, or (3) the date on which the factual predicate of the claims presented could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(B), (D). Because Clemens failed to file a motion to withdraw his guilty plea, his conviction became final on April 11, 2002, ten days after the entry of his judgment and sentence. See Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 (requiring defendant to file an application to withdraw guilty plea within ten days of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty). Thus, Clemens had one year, from April 11, 2002 to April 11, 2003, to challenge his conviction. Clemens did not file his § 2254 petition until January 6, 2006, well after the one-year limitations period had

expired.

Insofar as Clemens claims the one-year limitations period began at some point after April 11, 2002, we disagree. Clemens argues that any procedural default of the claims in his § 2254 petition is excusable under the cause and prejudice test of Coleman v. Thompson, 501 U.S. 722 (1991). This argument is without merit. Clemens does not allege that he was unlawfully prevented from filing a timely § 2254 petition, nor does he claim that despite his due diligence he was unable to discover and seek timely redress of the issues he now attempts to raise.

Nor is Clemens eligible for statutory tolling while his state post-conviction claims were pending. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), Clemens did not seek any post-conviction relief until April 13, 2004, more than a full year beyond the April 11, 2003 deadline.[1] A collateral petition filed in state court after the limitations period has

---

[1] As noted, Clemens also sought judicial review under Okla. Stat. tit. 22, § 982a. Section 982a permits a state sentencing court to modify a sentence within twelve months after imposition. Such motions seek discretionary review and their denial is not appealable. As a result, motions to modify a sentence do not constitute post-conviction proceedings that toll the limitations period. See, e.g., Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir. 2002) (finding petitioner's application before state sentence review panel seeking discretionary and non-appealable review
(continued...)

-4-

expired no longer serves to toll the statute of limitations. See Fisher v. Gordon, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, Clemens' post-conviction proceeding commenced after the expiration of the limitations period did not toll the limitations period. For the same reason, Clemens' state habeas corpus proceeding filed on July 14, 2005 did not toll the limitations period, because it was filed more than two years after the expiration of the federal limitations period.

We also agree with the district court that equitable tolling is not applicable here. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Clemens has not shown any extraordinary circumstances beyond his control that prevented his filing of a timely petition. Instead, Clemens implies that any procedural bar to his habeas claims should be excused to prevent a fundamental miscarriage of justice because he is actually innocent. To prevail on such a claim, Clemens "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousely v. United States, 523 U.S. 614, 623 (1998) (citations

[1](...continued)
did not constitute post-conviction proceedings tolling the one-year limitations period). And, even if Clemens' § 982a petition did toll the limitations period for the single day it was pending, his § 2254 petition would still be untimely.

omitted).  He must also "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Here, Clemens' claim of actual innocence is vague, conclusory, and fails to identify evidence affirmatively demonstrating his innocence.  Accordingly, he has not shown the possibility of a fundamental miscarriage of justice excusing the timeliness bar.

We conclude that reasonable jurists would not debate the correctness of the district court's procedural ruling.  Accordingly, we DENY Clemens' application for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge