Rhett Edwin KETCHUM, Petitioner,

v.

David PARKER, Warden, Respondent.

No. CIV–07–1112–C.

United States District Court,
W.D. Oklahoma.

Feb. 22, 2008.

Rhett Edwin Ketchum, Helena, OK, pro se.

### ORDER ADOPTING REPORT AND RECOMMENDATION

ROBIN J. CAUTHRON, District Judge.

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding *pro se*, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation ("R & R") on January 30, 2008, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection,[1] and the Court therefore considers the matter *de novo*.

---

1. Although Petitioner titled his document "Pe- titioner, Hereby Petitions The Judicial Coun-

■ The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. As Judge Roberts correctly noted, Petitioner's conviction was final on January 16, 2006, and the present action was not filed until October 1, 2007. Thus, the present motion was filed well outside the one year limitations period established by 28 U.S.C. § 2244(d)(1). As noted by Judge Roberts, although Petitioner sought post-conviction relief in the state court, that filing could not toll expiration of the limitations period under the provisions of § 2244(d)(2), because the AEDPA[2] limitations period had expired prior to filing for state post-conviction relief.

■ Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000). As Judge Roberts correctly noted, lack of access to a law library does not provide a basis for equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). Likewise, Petitioner's argument that he did not have access to legal assistance is unavailing as there is no right to legal assistance when pursuing a habeas action unless the Court determines an evidentiary hearing is needed. *Swazo v. Wyoming Dept. Of Corrections*, 23 F.3d 332, 333 (10th Cir.1994). Thus, Petitioner's lack of access to legal assistance is not grounds for tolling the limitations period. Finally, Petitioner argues the limitations period should be tolled due to his mental illness. However, Petitioner has offered no evidence supporting

his claim. Thus, that claim cannot serve as a basis for equitable tolling. *See Miller*, 141 F.3d at 977 (petitioner bears the burden of demonstrating the circumstances that justify equitable tolling.)

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation (Dkt. No. 12) of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED.

### *REPORT AND RECOMMENDATION*

BANA ROBERTS, United States Magistrate Judge.

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the following reasons, it is recommended that the petition be dismissed as untimely filed under 28 U.S.C. § 2244(d)(1)(A).

Petitioner purports to challenge his convictions and sentences entered January 4, 2006, pursuant to a plea of nolo contendere to charges of two counts of first degree

---

cil For Review Of The Chief Judges Order," it is clear from the text of his document that he is objecting to the R & R.

2. Anti–Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).

rape (Counts One and Two), one count of first degree burglary (Count Three) and one count of second degree burglary (Count Four).[1] Case No. CF–2004–3110, District Court of Oklahoma County. Petition at 1. Petitioner was sentenced to twenty years imprisonment for each rape offense and ten years for first degree burglary and the court ordered that these three sentences be served consecutively to each other; Petitioner was also sentenced to seven years imprisonment on the second degree burglary offense, to be served concurrently with the other three sentences. Petition, attached Judgment and Sentence, District Court of Oklahoma County, case No. CF–2004–3110.

In his petition, Petitioner raises four grounds for relief, which have been liberally construed to allege: (1) Petitioner's attorney, a public defender, coerced him into entering a plea of nolo contendere and although Petitioner attempted to appeal by writing a letter to the court, his attorney failed to withdraw the plea; (2) Petitioner's attorney rendered ineffective assistance by failing to communicate with him following the January 4, 2006, sentencing and by abandoning Petitioner's case; (3) Petitioner was denied his right to appeal his conviction even though at sentencing

he verbally indicated that he wanted to appeal; and (4) there was insufficient evidence to support his convictions based on the victim's "pretrial" testimony that she consented to Petitioner's presence in her home and further admitted that "nothing was stolen."

### Discussion

■ Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *see also Hare v. Ray*, No. 00–6143, 2000 WL 1335428 (10th Cir.Sept.15, 2000) (unpublished decision)[2] (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4).[3]

The undersigned has reviewed the petition and the attached materials, as well as the district court docket available online as part of the public record of proceedings in

---

1. The Judgment and Sentence in Case No. CF–2004–3110, which is attached to the petition, lists the conviction in Count Four as first degree burglary but the district court docket, of which the undersigned takes judicial notice, consistently reflects that the charge and conviction in Count Four is for second degree burglary. *See* The Oklahoma State Courts Network (OSCN), *State v. Rhett Edwin Ketchum*, Case No. CF–2004–3110, available at http://www.oscn.net (accessed December 19, 2007). Such discrepancy concerning Count Four has no effect on the recommendation herein that the instant petition be summarily dismissed as untimely filed.

2. This unpublished decision and other unpublished decisions cited herein are cited as per-

suasive authority pursuant to Tenth Circuit Rule 32.1.

3. Moreover, the undersigned's *sua sponte* consideration of the petition will not prejudice Petitioner since he has another opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93–2229, 1994 WL 396069 (10th Cir. July 29, 1994) (unpublished decision) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir.1992)).

Petitioner's criminal case. Based on those materials, the undersigned finds that all of the dates relevant to the timeliness issue are a matter of public record, including the date of final conviction and the dates necessary for consideration of statutory tolling. Moreover, Petitioner apparently recognizes that timeliness is an issue because in response to the question on the habeas form regarding the timeliness of the petition, he essentially argues that the one-year limitation period should be equitably tolled because he has not had adequate access to a prison law library and because he did not commit the rape offense for which he was convicted. Petition at 13.[4] For the following reasons, the undersigned finds that the petition is untimely under 28 U.S.C. § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling.

### Discussion

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir.2000).[5]

Applying the provisions of § 2244(d)(1)(A) to the instant case, the undersigned concludes that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner states and the Oklahoma County docket shows, *see supra* Note 1, that following Petitioner's plea of nolo contendere in Case No. CF–2004–3110 and his sentencing on January 4, 2006, he did not move to withdraw his pleas within the ten-day period provided by Oklahoma law.[6] *See also* Rule 4.2(A), Rules of the Oklahoma Court

---

**4.** Because the petition is missing page numbers, citations herein to the pages of the petition refer to the pages as if consecutively numbered.

**5.** Petitioner has not provided the Court with any basis to apply the provisions of §§ 2244(d)(1)(B), (C), or (D), and so the undersigned has considered the timeliness of the petition under § 2244(d)(1)(A).

**6.** Although according to Petitioner he orally stated at sentencing that he wanted to appeal,

Petition at 8, he does not allege that he requested to withdraw his plea. Petitioner asserts, and the district court docket shows, that he sent a letter to the court on January 9, 2006. Petition at 1, 2, and 5. However Petitioner offers no evidence that the letter or any other filing requested the withdrawal of his plea. *Id.* at 5. *See also* OSCN, *State v. Rhett Edwin Ketchum,* Case No. CF–2004–3110, available at http://www.oscn.net (accessed December 19, 2007) (reflecting letters from Petitioner filed on January 9 and 24, 2006).

of Criminal Appeals (OCCA) (to appeal from a conviction on a plea of guilty or nolo contendere the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of the judgment and sentence). Therefore, Petitioner's convictions became final on Monday, January 16, 2006, because January 14, 2006, was a Saturday. *See Fisher v. Gibson,* 262 F.3d 1135, 1142 (10th Cir.2001) (petitioner's guilty plea convictions were not appealed and, therefore, became final ten days after entry of the judgment and sentence) (citing Okla. Stat. tit. 22, § 1051; OCCA Rule 4.2). As a result, under 28 U.S.C. § 2244(d)(1)(A), Petitioner had until January 16, 2007, to file his federal habeas petition. *See United States v. Hurst,* 322 F.3d 1256, 1261 (10th Cir.2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). However, Petitioner did not initiate this action until approximately October 1, 2007, over eight months beyond the expiration of the one-year limitation under § 2244(d)(1)(A).[7] Thus, absent statutory or equitable tolling of the limitation period, the petition is untimely under § 2244(d)(1)(A).

*Statutory Tolling*

■ Federal law provides that the limitation period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, in order for a state proceeding to toll the period of limitations, it must be an "application for post-conviction relief *recognized as such* under governing state procedures." *Habteselassie v. Novak,* 209 F.3d 1208, 1211 (10th Cir.2000) (quoting *Bennett v. Artuz,* 199 F.3d 116, 123 (2d Cir.1999)) (emphasis added). *See also Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir.1999) (time tolled includes all periods during which a prisoner is attempting through proper use of state court procedures to exhaust state post-conviction remedies).

■ The district court docket reflects that on December 7, 2006, Petitioner filed a motion for judicial review of his sentence and on December 28, 2006, the court entered an order denying sentence modification. *See* OSCN, *State v. Rhett Edwin Ketchum,* Case No. CF–2004–3110, available at http://www.oscn.net (accessed December 19, 2007). However, this filing did not toll the one-year limitation period. The Tenth Circuit has repeatedly held in unpublished opinions that because such motions seek discretionary review in Oklahoma courts and are thus not appealable, they do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period. *See Clemens v. Sutter,* 230 Fed.Appx. 832, 834 n. 1 (10th Cir.2007) (unpublished decision) ("motions to modify a sentence [in Oklahoma] do not constitute post-conviction proceedings that toll the limitations period") (citing *Bridges v. Johnson,* 284 F.3d 1201, 1203–1204 (11th Cir.2002)); *Garrett v. Howard,* 205 Fed. Appx. 682 (10th Cir.2006) (unpublished decision) (finding petition seeking judicial review and sentence modification [in Oklahoma] sought discretionary review and is not an "application for State post-conviction or other collateral review" under § 2244) (citation omitted); *Nicholson v. Higgins,* 147 Fed.Appx. 7, 8 n. 2 (10th Cir.2005) (unpublished decision) (stating that denials of motions for judicial review of sentences in Oklahoma do not "consti-

---

**7.** The petition is file stamped October 2, 2007; although it appears Petitioner may have signed the petition in September, no date is specified, Petitioner having left blank the date he executed the petition. Because the envelope containing the petition is post-marked October 1, 2007, Petitioner is given the benefit of that date as his filing date.

tute postconviction proceedings for purposes of tolling the AEDPA limitations period"). As a result, Petitioner is not entitled to statutory tolling of the limitations period for the period his motions requesting suspension or modification of Judgment and Sentence were pending in the state district court.

■ Moreover, in order to toll the limitations period under § 2244(d)(2), an application for post-conviction relief must be filed within the one-year limitations period. *See e.g., Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir.2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."), *cert. denied,* —— U.S. ——, 127 S.Ct. 3007, 168 L.Ed.2d 733 (2007); *Fisher v. Gibson,* 262 F.3d 1135, 1142–43 (10th Cir.2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year period). Petitioner has attached to the petition a copy of the application for post-conviction relief that he filed in the District Court of Oklahoma County on May 2, 2007.[8] Because this application was filed several months after the limitation period had elapsed on January 16, 2006, the undersigned finds that Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2) during the pendency of this application. Therefore, absent a basis for equitable tolling, the petition, filed on October 1, 2007, is time barred.

### Equitable Tolling

■ The Tenth Circuit has recognized that " § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).[9] However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000) (quotations and citations omitted). Simple excusable neglect is not sufficient. *Id.* at 811. The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller,* 141 F.3d at 977.

In addressing the timeliness issue Petitioner attempts to invoke equitable tolling. Petition at 13. Petitioner first alleges that until his current incarceration at James Crabtree Correctional Center, he was confined in a private prison with inadequate access to the law library or legal assistance. Petition at 13. However, he fails to allege any facts regarding the lack of access to a law library that would justify equitable tolling. *See Miller,* 141 F.3d at

---

**8.** According to the district court docket, Petitioner's application was denied on June 27, 2007, and there is no indication in either the district court docket or the online docket of the OCCA that Petitioner appealed that decision. *See* OSCN, available at *http://www.oscn.net* (accessed December 19, 2007).

**9.** The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed *arguendo* that equitable tolling is available. *See Lawrence v. Florida,* —— U.S. ——, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). In *Lawrence,* the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. *Lawrence,* 127 S.Ct. at 1085.

978 ("It is not enough [for equitable tolling] to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.") (citation omitted); *Gibson*, 232 F.3d at 808 ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling") (citation omitted). Moreover, equitable tolling is available only when an inmate "demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control[,]" and it is well settled that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (citations and internal quotation marks omitted); *see also Gibson*, 232 F.3d at 808 (holding petitioner's alleged ignorance of the § 2244(d) statute of limitations is insufficient to warrant equitable tolling). The undersigned finds that Petitioner has made no showing of any extraordinary circumstances which caused his failure to comply with the one year limitations period.

 Petitioner also appears to seek equitable tolling based on a claim of actual innocence. *See* Petition at 13 (stating that he did not commit the rape offenses). Actual innocence has been recognized by the Tenth Circuit as equitable grounds for not applying the AEDPA period of limitation. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir.2007) (citing *Gibson*, 232 F.3d at 808); *see also Miller*, 141 F.3d at 978. However, to qualify for the "actual innocence" exception, Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). A petitioner

claiming actual innocence must demonstrate that more likely than not, in light of the new evidence, "no reasonable juror would find him guilty beyond a reasonable doubt." *Id. See also Price v. Friel*, 245 Fed.Appx. 855, 855 (10th Cir.2007) (unpublished decision) (applying standard in *House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 2076–77, 165 L.Ed.2d 1 (2006), to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period); *Rose v. Newton–Embry*, 194 Fed.Appx. 500 (10th Cir.2006) (unpublished decision), *cert. denied*, —— U.S. ——, 127 S.Ct. 2039, 167 L.Ed.2d 766 (2007) (same, citing *Schlup, supra); Reynolds v. Hines*, 55 Fed.Appx. 512 (10th Cir. 2003) (unpublished decision) (same, applying *Schlup* standard of proof).

Petitioner offers no new evidence beyond his own conclusory statements to support an actual innocence claim. Rather, Petitioner argues that since state law requires that a person must be 18 years of age to receive a tattoo and the victim had tattoos, Petitioner thought that she was over 18 years old. Petition at 13. Such claim fails to raise a claim of actual innocence, as required for equitable tolling. *See Laurson v. Leyba*, 507 F.3d at 1233 ("Actual innocence means 'factual innocence.'") (citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Because Petitioner's claim of actual innocence fails to identify evidence that conclusively demonstrates his innocence, as enumerated by the Supreme Court in *Schlup* and *Bousley*, the undersigned finds Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

Moreover, Petitioner fails to demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable

tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir.2003). As previously discussed, Petitioner offers no evidence that he moved to withdraw his pleas, and he failed to file a state application for post-conviction relief until May 2, 2007, well over one year after his convictions and after the expiration of the limitation period for filing his federal habeas action under the AEDPA. On June 27, 2007, the district court denied the application and Petitioner apparently did not appeal that denial. Petitioner filed this habeas action on October 1, 2007. Petitioner offers no explanation for the lengthy delay in initiating his challenge, and the record contains no compelling explanation for Petitioner's lack of diligence. Nor does Petitioner identify any extraordinary circumstances which impeded the timely assertion of his claims. Petitioner has therefore failed to show sufficient reason to compel this Court's exercise of equitable tolling power. For this reason, equitable tolling principles should not be applied and the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

### RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by February 19, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained

herein. *Moore v. United States,* 950 F.2d 656 (10th Cir.1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

Jan. 30, 2008.