FILED
United States Court of Appeals
Tenth Circuit

February 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ADRIAN LUNA MACIAS,
a/k/a ADRIAN LUNA-MACIA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 14-9537
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Adrian Luna Macias, a citizen of Mexico, illegally entered the United States in
1991. In 1992, an Immigration Judge issued a final removal order for Mr. Luna.
Twenty years later, Mr. Luna filed a motion to reopen the proceedings stating that he
had re-entered the United States in 1998 and was eligible to adjust status or for
deferred action. An Immigration Judge denied Mr. Luna's motion to reopen as

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

untimely.  The Board of Immigration Appeals (BIA) affirmed and additionally concluded that equitable tolling of the filing deadline was not warranted.  This pro se petition for review followed.  We review the BIA's decision on a motion to reopen, including whether equitable tolling is warranted, only for an abuse of discretion. *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005).

The BIA correctly denied Mr. Luna's motion to reopen as untimely.  A motion to reopen must be filed by the later of (1) 90 days after the final order of removal or (2) "on or before September 30, 1996."  8 C.F.R. § 1003.23(b)(1); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i).  Because the removal order Mr. Luna seeks to reopen became final on April 30, 1992, his motion to reopen must have been filed by September 30, 1996.  Mr. Luna, however, didn't file his motion to reopen until August 13, 2012.

Against this determination, Mr. Luna offers several arguments but none warrants reversal.  He requests that we allow him a "reasonable time" to reopen the proceedings instead of holding him to the regulation's filing deadline.  But the regulation is unambiguous and Mr. Luna points us to nothing that might make it permissible for this court to rewrite its terms.  He also contends the removal of the post-departure bar and statutory codification of the right to file one motion to reopen abrogates the time limit to file.  But these changes to the regulatory scheme left intact other requirements — including the filing deadline.  *See Contreras-Bocanegra v. Holder*, 678 F.3d 811, 819 (10th Cir. 2012) (en banc).  Finally, to the extent he argues that the removal of the post-departure bar entitles him to file a motion to

reopen, we note that's beside the point as the BIA's decision rested solely on timeliness grounds and not at all on Mr. Luna being out of the country.

Even if his motion is untimely, Mr. Luna says the filing deadline should be equitably tolled.  The BIA held, however, that equitable tolling wasn't warranted because Mr. Luna hadn't shown that "he was prevented from filing in a timely fashion because of deception, fraud, or error on the part of a party representing him or upon whom he relied."  *In re Luna-Macias*, No. A028 500 009, at 1 (B.I.A. Mar. 12, 2014) (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). Although this court hasn't articulated the equitable tolling standard for a motion to reopen removal proceedings based on theories other than ineffective assistance of counsel, neither party challenges the BIA's reliance on the standard articulated in *Iturribarria*.  And under that standard, we cannot agree that the BIA abused its discretion.  Mr. Luna makes only unsupported and vague assertions that the government and court gave him misleading and incorrect information.  But these allegations, which don't direct us to any particular statement or explain how reliance on that statement was reasonable, fail to demonstrate the BIA abused its discretion. *See, e.g.*, *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *Clemens v. Sutter*, 230 F. App'x 832, 835 (10th Cir. 2007).

- 3 -

The petition for review is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge