**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 23, 2007**

**TENTH CIRCUIT**

PATRICK O'BOYLE,

           Petitioner - Appellant,

v.

JOSEPH G. ORTIZ; COLORADO
ATTORNEY GENERAL,

           Respondents - Appellees.

No. 06-1214

D. Colo.

(D.C. No. 04-CV-01173-ZLW-PAC)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS,*
DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Background

Pursuant to a plea agreement, Petitioner Patrick O'Boyle pled guilty to second degree murder in Colorado state court on June 7, 1994. A first degree murder charge was dismissed. He is serving a twenty-four year sentence.

On June 9, 2004, O'Boyle petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge recommended O'Boyle's petition be dismissed as untimely. Over O'Boyle's objections, the district court adopted the recommendation. The district court also denied O'Boyle's request for a Certificate of Appealability ("COA") and his motion for leave to proceed on appeal *in forma pauperis* ("*ifp*"). O'Boyle renews these requests with this Court. We deny a COA and dismiss his application. We also deny his request to proceed *ifp*.

## Analysis

Initially, O'Boyle concedes he filed his petition well beyond the time limitation of the AEDPA.[1] He argues the limitations period should be equitably tolled because new evidence demonstrates actual innocence.[2]

In certain circumstances, the limitations period of the AEDPA may be equitably tolled. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808

---

[1] The district court determined that the limitations clock ran for 444 days, which of course is longer than the 365 days permitted by the one year limitations period of the AEDPA. *See* 28 U.S.C. § 2244(d)(1).

[2] O'Boyle also claims his trial counsel was constitutionally ineffective; there was insufficient evidence to support the verdict; defense counsel's investigator was laboring under the taint of an unconstitutional conflict of interest; and his plea of guilty was not voluntary.

-2-

(10th Cir. 2000)) (internal quotations omitted).  One such circumstance may exist when a person who is actually innocent is incarcerated.  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298, 324-29 (1995)) (suggesting actual innocence is a "rare and exceptional circumstance[]" for which the AEDPA statue of limitations may be tolled); *Gibson*, 232 F.3d at  808 (citing *Miller*, 141 F.3d at 978) ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent . . . .").

However, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 126 S.Ct. 2064, 2076-77 (2006) (citing *Schlup*, 513 U.S. at 327). O'Boyle claims new evidence shows he is actually innocent.  He argues: his fingerprints were not found on the weapon; no ballistics tests were performed on the weapon; and gunshot residue and trace metal tests were not performed on his hands or the prosecution's witness.  The magistrate judge's thorough Report and Recommendation considered all of these claims.  After independent review, the district court adopted the magistrate judge's recommendation that O'Boyle failed to present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 2077 (quoting *Schlup*, 513 U.S. at 324).

O'Boyle confuses theoretical innocence with actual innocence.  Most of his

"new" evidence is really speculation about what *might* be shown *if* certain tests were performed on physical evidence in the case. Such speculation is insufficient to meet the heavy burden to produce "new evidence" from which we could conclude it is "more likely than not that no reasonable juror would have convicted him . . . ." *See Schlup*, 513 U.S. at 324, 327; *cf. Arthur v. Allen*, 459 F.3d 1310, 1310-11 (11th Cir. 2005) (petitioner's "mere speculation" about what the evidence, if tested, might show was insufficient to support discovery request where petitioner had to demonstrate "'good cause' to believe that the evidence sought would 'raise sufficient doubt about his guilt to undermine confidence in the result of the trial" (citations and brackets omitted)). In addition, as the magistrate judge noted, the remaining "new" evidence offered by O'Boyle was known by him at the time he pled guilty, and is therefore not new at all. (*See* R. Vol. I, Doc. 30 at 3 (O'Boyle admitted his counsel advised him that the gun residue tests on his hands returned negative results)). Consequently, O'Boyle fails to establish cause for equitable tolling rendering his constitutional claims time-barred.

If a prisoner is granted leave to proceed *ifp* in the district court that privilege is extended to an appeal unless the district court certifies the appeal is not taken in good faith and denies continuing *ifp* status. Fed. R. App. P. 24(a)(3). We do not review such decisions. Instead, we consider a motion to proceed *ifp* filed in this Court. Fed. R. App. P. 24(a)(5). Nevertheless, the standard is the

same – in order to qualify for *ifp* status an applicant must comply with the filing requirements and demonstrate "a financial inability to pay the required fees *and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.*" *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted) (emphasis added) (quoting *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991)).  In denying O'Boyle's motion to proceed *ifp* on appeal, the district court concluded he had not presented a reasoned, non-frivolous argument, therefore his putative appeal was not taken in good faith.  We agree with the district court.  O'Boyle's motion to proceed *ifp* on appeal is **DENIED**. Appellant's motion for appointment of counsel is **DENIED.**  We also **DENY** his request for a COA and **DISMISS** the application.  O'Boyle is reminded he must remit the full amount of the filing fee within twenty days of the date of this order. Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full.  *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge

-5-