FILED
United States Court of Appeals
Tenth Circuit

July 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MELVIN R. KERCHEE, JR.,

        Petitioner-Appellant,

v.

JUSTIN JONES,

        Respondent-Appellee.

No. 11-6058
(D.C. No. 5:10-CV-01128-R)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Melvin Kerchee, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 habeas application. Mr. Kerchee has also filed a motion asking

---

[*]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

      After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Kerchee is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

this court to stay proceedings pending the state court's resolution of his fourth successive filing for post-conviction relief, as well as a motion to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Kerchee's application for a certificate of appealability, deny his motion to stay the proceedings, and dismiss his appeal. We also deny his motion to proceed *in forma pauperis*.

## BACKGROUND

In 2005, Mr. Kerchee was tried and convicted in the district court of Comanche County, Oklahoma, on two counts of first-degree rape of a minor, for which he received two consecutive, ten-year sentences.[2] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on May 21, 2007. No certiorari petition was filed with the United States Supreme Court.

According to Mr. Kerchee, he then filed three applications in the state district court for post-conviction relief: one on November 12, 2008, which was denied on December 19, 2008; a second on March 13, 2009, which was denied on April 6, 2009; and a third on December 21, 2009, which was denied on January 26, 2010. Mr. Kerchee also represents in his Motion for a Stay of Proceedings that he filed a fourth post-conviction motion on April 7, 2011.

On October 18, 2010, Mr. Kerchee filed a § 2254 habeas application in the

---

[2]     Mr. Kerchee's conviction was based on the rape of two victims, both of whom were minors.

United States District Court for the Western District of Oklahoma—more than a year after his conviction became final on August 19, 2007.[3] The matter was referred to a magistrate judge, who recommended that the petition be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A). Mr. Kerchee objected to the magistrate judge's Report and Recommendation, and the district court reviewed the portions of the Report and Recommendation pertaining to those objections *de novo*. The district court agreed with the magistrate judge's disposition and, in a thorough order and judgment, adopted his conclusion that Mr. Kerchee's petition was untimely. Mr. Kerchee then filed two motions asking the district court to reopen and reconsider his case, both of which the court denied. He subsequently sought a certificate of appealability from the district court, which was also denied, along with Mr. Kerchee's motion to proceed *in forma pauperis*. Mr. Kerchee now seeks leave from this court to challenge the district court's dismissal of his habeas application, but asks us to stay our decision pending the state court's resolution of his most recent application for post-conviction relief.

---

[3] Because direct review concluded when the OCCA affirmed Mr. Kerchee's conviction on May 21, 2007, the trial court's judgment became final ninety days later when the time period for filing a certiorari petition with the United States Supreme Court expired—that is, on August 19, 2007. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see also Sandoval v. Jones*, No. 11-5022, 2011 U.S. App. LEXIS 12124, at *5 n.3 (10th Cir. June 14, 2011). Mr. Kerchee therefore had to file his habeas application by August 19, 2008—one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**STANDARD OF REVIEW**

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 3385 (2010). Thus, "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). In order to make such a showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). "In other words, the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Id.* (quoting *Slack*, 529 U.S. at 484). In determining whether to grant a COA, this court conducts an "overview of the claims in the habeas petition and a general assessment of their merits." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 336) (internal quotation marks omitted). However, "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of th[ose] claims." *Miller-El*, 537 U.S. at 336.

4

**DISCUSSION**

Though Mr. Kerchee does not dispute that his October 2010 habeas petition was untimely,[4] he argues that the district court erred in refusing to statutorily or equitably toll AEDPA's one-year statute of limitations.[5] We disagree.

## I.   Application of 28 U.S.C. § 2244(d)(1)

As a threshold matter, Mr. Kerchee appears to argue that the district court erred in adopting the magistrate judge's conclusion that AEDPA's one-year statute of limitations began to run ninety days from the date that the OCCA affirmed his conviction—May 21, 2007. *See* 28 U.S.C. § 2244(d)(1)(A). First, Mr. Kerchee contends that the "impediments of confiscation of legal mail [and]

---

[4]     In his habeas petition, Mr. Kerchee presented twenty-two claims alleging, *inter alia*, ineffective assistance of counsel, improper sentencing instructions at trial, evidentiary errors, discovery violations, insufficient evidence, and prosecutorial and judicial misconduct.

[5]     In his combined Opening Brief and Application for a COA, Mr. Kerchee sets forth twenty-one grounds for relief. Those grounds, many of which are redundant, can be grouped into the following claims: (1) he was denied fair and impartial review; (2) he was entitled to equitable tolling of AEDPA's one-year statute of limitations; (3) he was entitled to an evidentiary hearing; (4) he was deprived of his right to due process, equal protection, and access to the courts when his state court attorney was disbarred; (5) he was denied his right to counsel; (6) his state post-conviction applications were "impeded by the lower courts" and "restricted [by] counsel['s] deception and misconduct," Aplt. Opening Br. and Appl. for a COA at 19; (7) the district court erred in failing to "inquire" into the status of his state direct appeal; and (8) he possesses newly discovered evidence that entitles him to a COA. However, because Mr. Kerchee concedes that his October 2010 habeas petition was untimely, we need only consider these constitutional arguments in the event that statutory or equitable tolling is warranted.

legal work and material," Aplt. Opening Br. and Appl. for a COA at 3, his inability to proceed *in forma pauperis*, and the restrictive nature of OCCA Rule 3.14(B), somehow excused his untimely filing. Presumably, Mr. Kerchee is arguing that AEDPA's one-year statute of limitations did not begin to run until these alleged "impediment[s] to filing an application created by State action in violation of the Constitution or laws of the United States [were] removed," 28 U.S.C. § 2244(d)(1)(B)—in other words, that the district court erred in applying § 2244(d)(1)(A), rather than § 2244(d)(1)(B). Mr. Kerchee's arguments are unavailing.

We assume that Mr. Kerchee's argument regarding the alleged confiscation of legal materials refers to his prior contention that prison officials deprived him of his legal research and written work product from September 2008 through February 2009. As the district court noted, however, this alleged misconduct purportedly occurred *after* Mr. Kerchee's habeas petition was otherwise due under § 2244(d)(1)(A), on August 19, 2008. Even if this allegation were true, therefore, it does not excuse Mr. Kerchee's failure to file a timely habeas application. Moreover, as the magistrate judge observed, Mr. Kerchee filed ten motions and complaints to various officials and agencies throughout the approximately six-month time period during which his materials were purportedly confiscated. Consequently, any "impediment" that the alleged deprivation of his legal materials might have created seemingly would not have hindered his ability to file

6

a habeas application.

Mr. Kerchee's *in forma pauperis* argument is equally unavailing. To the extent that he has adequately raised such an argument—for which Mr. Kerchee offers absolutely no support in his opening brief—we agree with the district court that "his need to substantiate his financial condition . . . provide[s] no basis for utilizing § 2244(d)(1)(B)." R., Vol. I, at 429 (Order, filed Jan. 27, 2011). Assuming that Mr. Kerchee seeks to argue here, as he did below, that institutional personnel hindered his ability to file a timely *in forma pauperis* motion, the record contains no proof of this contention. Moreover, as the district court noted, these allegations stemmed from conduct that purportedly occurred during the same time frame—*viz.*, September 2008 through February 2009—during which Mr. Kerchee was allegedly deprived of his legal research and written work product. As discussed above, Mr. Kerchee's attempts to substantiate his financial status *after* his habeas petition was due pursuant to § 2244(d)(1)(A), on August 19, 2008, has no bearing upon his ability to file a timely petition prior to that date.

Finally, Mr. Kerchee's argument as to Rule 3.14 of the Oklahoma Rules of the Court of Criminal Appeals is meritless. Under Rule 3.14(B),

> [a] petition for rehearing shall not be filed, as a matter of course, but only for the following reasons:
>
> (1) [s]ome question decisive of the case and duly submitted *by the attorney of record* has been overlooked by the Court, or

7

(2) [t]he decision is in conflict with an express statute or controlling decision to which the attention of [the OCCA] was not called either in the brief or in oral argument.

Okla. Stat. tit. 22, ch. 18, app., R. 3.14(B) (emphasis added). Mr. Kerchee alleges that this rule "deliberately and intentionally prevent[s] and restrict[s] pro se access to 'direct appeal rehearing'" by "deliberately not allowing 'pro se applicants' access to their courts simply because they are pro se and not . . . 'attorneys of record.'" Aplt. Opening Br. and Appl. for a COA at 10. Even assuming, *arguendo*, that this were true, the unavailability of rehearing in *state* court does not explain Mr. Kerchee's failure to file a timely habeas petition in *federal* court. Furthermore, we note that Mr. Kerchee contends that he *continues* to be subject to Rule 3.14(B). If this is true, the statute of limitations has not begun to run because the impediment has yet to be removed—a premise that does not comport with the fact that Mr. Kerchee has *already filed* a habeas petition, albeit an untimely one. *See* 28 U.S.C. § 2244 (d)(1)(B).

Additionally, Mr. Kerchee contends that the limitations period should have run from the date on which "the factual predicate was discovered," Aplt. Opening Br. and Appl. for a COA at 17—more specifically, the date on which Mr. Kerchee first learned that his state appellate counsel had been disbarred and had failed to file a timely petition for rehearing on his behalf. Presumably, Mr. Kerchee is asserting that the magistrate judge should have applied § 2244(d)(1)(D). *See* 28 U.S.C. § 2244(d)(1)(D) (providing that the statute of limitations may run from

8

"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). However, as discussed below, Mr. Kerchee discovered that his counsel had been disbarred, at the very latest, on July 6, 2008. Thus, even if § 2244(d)(1)(D) *had* applied, Mr. Kerchee would have needed to file a habeas petition within one year of this discovery—by July 6, 2009. Consequently, even if we were to credit this argument, his October 2010 petition would still be untimely.

## II. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." In other words, "[u]sually the running of the statute of limitations is suspended while a prisoner is pursuing relief in the state courts," *Titsworth v. Mullin*, No. 10-7034, 2011 U.S. App. LEXIS 2829, at *16 (10th Cir. Feb. 14, 2011)—that is, a petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while he pursues state post-conviction relief. In his COA application, Mr. Kerchee appears to allege that both the magistrate judge and the district court erred in refusing to toll the statute of limitations while his "properly filed post-conviction motion [was] pending in state court." Aplt. Opening Br. and Appl. for a COA at 3. This argument is problematic for two reasons.

First, Mr. Kerchee failed to assert a statutory tolling argument before the

9

district court. *See* R., Vol. I, at 387 (Report and Recommendation, filed Jan. 7, 2011) ("Petitioner's claim that his federal habeas action is timely relies solely on the doctrine of equitable tolling."). Generally, "an appellate court will not consider an issue raised for the first time on appeal." *Tele-Commc'ns, Inc. v. Comm'r of Internal Revenue*, 12 F.3d 1005, 1007 (10th Cir. 1993). And Mr. Kerchee's failure to argue for application of the plain-error standard "surely marks the end of the road for [this] argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

Second, even if we were to consider this argument, it would fail on the merits. Although Mr. Kerchee did file multiple state court motions for post-conviction relief, these motions were not "*properly* filed," 28 U.S.C. § 2244(d)(2)—i.e., they were not timely. A review of the record reveals that Mr. Kerchee first filed an application for post-conviction relief, at the earliest, on September 8, 2008—the date on which he made an untimely request for rehearing of his direct appeal. As he made this first filing *after* the one-year statute of limitations expired on August 19, 2008, he was not entitled to statutory tolling while any of his post-conviction filings were pending. *See* R., Vol. I, at 387 ("Because state court filings made *after* the expiration of the statute of limitations have no tolling effect, . . . and in this case the first such filing was after the limitations period expired, it is unnecessary to consider whether other, even later,

10

post-conviction efforts statutorily tolled the AEDPA year." (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001))); *id.* at 430 ("Statutory tolling is permitted only when there are properly filed applications for State post-conviction or other collateral review filed before expiration of the one-year statute of limitations period. No such documents were filed in this case, and accordingly, Petitioner cannot rely on statutory tolling to avoid dismissal of this action.").

## III.    Equitable Tolling

As the Supreme Court recently reaffirmed, § 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("[L]ike all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). However, equitable tolling is only available in those "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (internal quotation marks omitted), in which application of the limitations period might render the habeas remedy "inadequate and ineffective," *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Consequently, courts will consider the merits of an otherwise untimely habeas petition only where the petitioner "show[s] specific facts" demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted)

11

(internal quotation marks omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). On the record before us here, reasonable jurists could not debate that Mr. Kerchee has failed to meet this two-prong standard.

## A.    Extraordinary Circumstances

First, Mr. Kerchee argues that he is entitled to equitable tolling "due to threats, possible harm, injury, irreparable harm, . . . death, fear, [and] retaliation from other inmates." Aplt. Opening Br. and Appl. for a COA at 9. Mr. Kerchee explains that "[i]nmates with [his] type of charges and convictions are considered child molesters who[] are attacked, beaten, battered, robbed," and sometimes killed by their fellow inmates. *Id.* As the district court observed, however, the fact that the nature of Mr. Kerchee's conviction "may make him more vulnerable while incarcerated does not support a finding that the statute of limitations period should be equitably tolled." R., Vol. I, at 432. Moreover, Mr. Kerchee offers no evidence that he actually fell victim to such threats or physical harm, let alone that these speculative dangers constituted extraordinary circumstances that *caused* his failure to file a timely habeas petition. *See Marsh*, 223 F.3d at 1220 ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was *caused by extraordinary circumstances beyond his control*." (emphasis added)). Consequently, this argument cannot support Mr. Kerchee's equitable tolling claim.

Next, Mr. Kerchee offers the conclusory assertion that he is entitled to

12

equitable tolling "due to . . . constitutional violations, plain error, the interest of justice, fundamental error, the ends of justice, miscarriage of justice, actual and factual innocence, new evidence, recantation of testimony and statements of the victims," and a string of additional incidents that allegedly occurred before the state trial court. *Id.* at 12. First of all, as the district court noted, "[t]he merits of the constitutional violations are to be tested in a *timely* filed petition for habeas corpus relief, and the[se] alleged constitutional errors at trial have no bearing on [Mr. Kerchee's] *ability* to seek such relief under § 2254." R., Vol. I, at 476–77 (Order, filed Feb. 16, 2011) (emphasis added). In any event, Mr. Kerchee fails to articulate which of his constitutional rights were allegedly violated, what errors were made, or how the proceedings below constituted a "miscarriage of justice." Thus, to the extent that Mr. Kerchee raises these arguments, they are inadequately presented on appeal, and we need not consider them here. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are *inadequately presented*, in an appellant's opening brief." (emphasis added)); *see also United States v. Pursley*, 577 F.3d 1204, 1231 n.17 (10th Cir. 2009) ("[A]lthough Mr. Pursley alluded to the ex parte issue in his appellate brief, that skeletal reference does not present a cognizable issue for appellate review."), *cert. denied*, 130 S. Ct. 1098 (2010). In any event, in the absence of any evidence substantiating these bald assertions, we are left with no basis upon which we might conclude that these alleged violations

13

and errors amounted to "extraordinary circumstances."

Finally, Mr. Kerchee alleges that the statute should have been tolled for "the time of discovery that his retained appellate counsel . . . was 'disbarred.'" Aplt. Opening Br. and Appl. for a COA at 16. Mr. Kerchee appears to contend that his counsel had "said he was going to file" something on Mr. Kerchee's behalf—apparently a petition for rehearing in state court. *Id.* This, Mr. Kerchee represents, should have afforded him an extra "20 days from May 21, 2007[,]" in which to file this petition—that is, until June 11, 2007. *Id.* (emphasis omitted). Accordingly, he would have had "a total of 110 days" before his conviction become final on September 11, 2007. *Id.* (emphasis omitted). Pursuant to this logic, Mr. Kerchee would then have had to file a habeas petition by September 11, 2008. However, even assuming, *arguendo*, that Mr. Kerchee was entitled to this twenty-day tolling, his October 18, 2010 habeas filing was still untimely.

Furthermore, as the magistrate judge explained, the record demonstrates that Mr. Kerchee's direct appeal concluded long before his appellate counsel was disbarred, and that Mr. Kerchee learned of his counsel's disbarment no later than July 6, 2008, when he filed a letter of complaint to the Oklahoma Bar Association. At that point, Mr. Kerchee still had over a month to file his habeas petition before the August 19, 2008 deadline. R., Vol. I, at 391. Moreover, as the district court later observed, "[t]here is no constitutional right to counsel beyond the first appeal of right," and a petition for rehearing is not a proceeding "of

14

right." *Id.* at 433; *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."). Mr. Kerchee therefore had no "right" to his counsel's filing of a petition for rehearing on his behalf, and he presents no evidence that either he or his wife ever communicated their desire to file a discretionary rehearing petition to Mr. Kerchee's counsel. As such, Mr. Kerchee offers no evidence that his counsel's disbarment was somehow an "extraordinary circumstance" that constituted an impediment to his timely habeas filing—or, for that matter, an impediment at all.

## B. Diligent Pursuit

Even if Mr. Kerchee had established that "extraordinary circumstances" hindered his ability to file a timely habeas petition, he has failed to demonstrate that he diligently pursued his federal claims. *See, e.g.*, *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) ("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."). Though Mr. Kerchee asserts that he has worked "'diligently' and in good faith in pursuing his state court collateral review and relief," the only "support" that he offers for this statement is the unsubstantiated argument that "the district court[']s ruleing [sic] on 'diligence' [was] unreasonable[,] too harsh, strict, unfair and

15

unlenient [sic]." Aplt. Opening Br. and Appl. for a COA at 21. This clearly falls far short of a demonstration that he has diligently pursued his claims. *See Yang*, 525 F.3d at 928 ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration in original) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted)). Moreover, as the magistrate judge noted, Mr. Kerchee was given every opportunity to do so. Mr. Kerchee himself provides evidence that the Clerk of Court supplied him with the proper forms to institute his federal habeas action in early October 2008, yet he failed to file a petition until October 2010—approximately *two years* later. Additionally, instead of filing an application for post-conviction relief in state court that could have tolled the statute of limitations pertaining to his habeas action, Mr. Kerchee elected to file an untimely petition for rehearing, along with a slew of complaints against lawyers, presiding judges, and others. Thus, even if Mr. Kerchee had presented a plausible extraordinary circumstances claim, reasonable jurists could not dispute that his failure to demonstrate diligent pursuit renders equitable tolling inappropriate.

### C. Actual Innocence

Finally, Mr. Kerchee alleges that "newly discovered and revealed evidence" demonstrates that he is actually innocent. Opening Br. and Appl. for a COA at 24. Of course, § 2244(d)'s procedural bar does not preclude us from entertaining

16

claims of actual innocence, and a petitioner asserting actual innocence need not demonstrate cause for his delay in raising such a claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010) ("[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier."). However, Mr. Kerchee must still present a "colorable claim of factual innocence"; in other words, he must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995); *see also United States v. Payne*, No. 10-5111, 2011 U.S. App. LEXIS 12233, at *6 (10th Cir. May 10, 2011) ("[E]ven if a colorable claim of actual innocence might be entitled to special treatment, [petitioner's] claim is not colorable."); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (determining that petitioner's actual innocence argument "fail[ed] because he d[id] not make a *colorable* claim of actual innocence. [Petitioner] makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling." (emphasis added)). Under this rigorous standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." *Schlup*, 513 U.S. at 327.

Mr. Kerchee presents three affidavits in support of his actual innocence

17

claim, none of which we find persuasive. In the first, Don Jensen, who apparently served as a Boy Scout troop leader with Mr. Kerchee, suggests that the allegations against Mr. Kerchee were the result of a plot by one of the victim's stepfathers to overthrow Mr. Kerchee and takeover his position as Commander of the Comanche War Scouts. Mr. Jensen also states that the stepfather of the other victim personally approached him and informed him that the allegations against Mr. Kerchee were false, and insists that Mr. Kerchee's trial counsel was incompetent. In the second affidavit, another of Mr. Kerchee's Boy Scout colleagues avers that "pre-trial publicity" deprived Mr. Kerchee of his right to a fair trial, and similarly represents that Mr. Kerchee's trial counsel was ineffective. R., Vol. I, at 233–36 (Aff. of Bill Walker, Def.'s Ex. Z, filed Nov. 23, 2010). The third affiant—a child caregiver at a children's shelter that one of the victims attended—testifies to one of the victim's "sexually inappropriate fantasies," her "unstable and intolerable behavior," and her tendency to tell lies. She too complains of Mr. Kerchee's trial counsel's performance. *Id.* at 238–42 (Aff. of Debra Herrera, Def.'s Ex. AA, filed Nov. 23, 2010).

Although these affidavits may call into question the quality of Mr. Kerchee's legal representation, none of them would cause a reasonable juror to question the validity of his conviction. Each of the three affiants was available to testify at the time of trial—in fact, both Mr. Jensen and Mr. Walker *did* testify on Mr. Kerchee's behalf. Consequently, these affidavits do not constitute "*new*

18

reliable evidence" in the first place.  *See, e.g.*, *In re Harrison*, No. 08-2271, 2008 U.S. App. LEXIS 28094, at *2 (10th Cir. Nov. 25, 2008) (finding that petitioner failed to present "new" evidence of his actual innocence where "the victim's recantation was not new" because she had "recanted her statements to law enforcement even before [petitioner's] trial"); *Price v. Friel*, 245 F. App'x 855, 856–57 (10th Cir. 2007) (concluding that petitioner's proffered evidence was not "new" where he was told during his psychological interview "that a report of the evaluation would be made and sent to the court" and "[a]lthough he may not have read its ultimate conclusion until well after trial, he certainly knew of the report's existence before trial"); *see also O'Boyle v. Ortiz*, 242 F. App'x 529, 531 (10th Cir. 2007) (rejecting petitioner's actual innocence claim where "[m]ost of his 'new' evidence [was] really speculation about what *might* be shown *if* certain tests were performed on physical evidence in the case").  Furthermore, the third affiant—Ms. Herrera, who served as a caregiver to one of the victims—speaks only to the victim's character, not to whether Mr. Kerchee is actually guilty of the crime for which he was convicted.  As such, reasonable jurists could not disagree with the district court's conclusion that Mr. Kerchee has failed to present a colorable claim of actual innocence.

## IV.   Motion to Stay

Mr. Kerchee also asks us to stay our disposition of his COA application pending the state court's resolution of a post-conviction motion that Mr. Kerchee

supposedly filed in April 2011. In so doing, however, Mr. Kerchee cites no authority for the granting of such relief under the circumstances presented here, nor has he sought a similar stay from the district court below.

Construing this request very liberally, Mr. Kerchee's argument appears to be somewhat akin to that of the petitioner in *Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009). In that case, the petitioner—who had been convicted of first-degree murder—furnished the district court with two *new* affidavits when he submitted his habeas petition, both of which "establish[ed] the link between his prior history of drug abuse and head injuries *and* possible physical, organic brain injury; and furnish[ed] evidence that he in fact had such an injury." *Id.* at 1149. Though the petitioner's trial counsel had been aware of this evidence at the time of trial, he chose "to focus only on alcohol abuse" as a mitigating factor, allegedly without "considering the availability of other more powerful mitigating evidence." *Id.* This court, therefore, concluded that "the facts reflected in [this] additional evidence . . . might well support a claim of ineffective assistance." *Id.* at 1151. However, because the petitioner had yet to present these affidavits to the state court, we vacated the district court's judgment and remanded the case with instructions to determine whether the stay-and-abeyance procedure should be used to permit the petitioner "to exhaust his *new potentially meritorious claim* for ineffective assistance of counsel and for it to conduct further proceedings consistent with this opinion." *Id.* at 1156 (emphasis added).

20

Even assuming, *arguendo*, that Mr. Kerchee could rely upon our analysis in *Fairchild*, he has not advanced a new claim, let alone a meritorious one. Mr. Kerchee's first argument—that a stay would allow the state court to consider the "new" affidavits of Mr. Jensen, Mr. Walker, and Ms. Herrera—is a non-starter. As discussed above, there is nothing "new" about the information contained in these affidavits; each of the three affiants was available and willing to testify at the time of trial, and two of them *did* testify on Mr. Kerchee's behalf.

Mr. Kerchee's second argument is equally unpersuasive. Though he makes the conclusory assertion that *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1072 (2010), and *Cone v. Bell*, 129 S. Ct. 1769 (2009), somehow constitute an "intervening change in the law," Aplt.'s Mot. for a Stay of Proceedings at 2, Mr. Kerchee explains neither the significance of this supposedly "intervening" caselaw nor its application to his case, let alone how it constitutes a "new claim" that might warrant state court review. Thus, Mr. Kerchee has effectively waived this second argument. *See Bronson*, 500 F.3d at 1104; *see also DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ( "[W]hile we hold pro se litigants to a less stringent standard, it is not the proper function of the district court to assume the role of advocate for the pro se litigant.").

Furthermore, as we observed in *Fairchild*, "not every new piece of evidence makes a claim a new one," and Mr. Kerchee does not argue that these three affidavits or the supposedly "intervening" case law constitute new *claims* as

21

opposed to merely new *evidence*.  *See* 579 F.3d at 1148; *see also Gardner v. Galetka*, 568 F.3d 862, 881, 882 (10th Cir. 2009) (deferring to the state court's ineffective-assistance-of-counsel determination where additional evidence "would likely only have added color" to the ineffective-assistance claim, and the difference between the evidence before the state court and the new evidence "was purely a matter of degree").  In fact, the three affidavits offered in support of Mr. Kerchee's first argument appear to pertain to the same ineffective-assistance-of-counsel argument that he raised in his first state post-conviction motion, which the state court denied and dismissed on December 19, 2008.  As Mr. Kerchee offers absolutely no explanation as to how this additional evidence "so changes the legal landscape that the state court's prior analysis no longer addresses the substance of [his] claim," we are left with no basis upon which we might conclude that he presents a "new claim" that warrants remand to the district court under *Fairchild*.  579 F.3d at 1149.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Kerchee's application for a COA, **DENY** his motion to stay the proceedings, and **DISMISS** his appeal.  We also **DENY** Mr. Kerchee's motion to proceed *in forma pauperis*, as he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809,

22

812 (10th Cir. 1997)) (internal quotation marks omitted).[6]

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[6]     Mr. Kerchee's pending motion to pay the appellate filing fees in partial payments is also denied.