FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL EDWARD HOOPER,

Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,
Oklahoma State Penitentiary,

Respondent-Appellee.

No. 11-6143
(D.C. No. 5:07-cv-00515-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

Michael Edward Hooper seeks a certificate of appealability (COA) to

challenge the district court's decision denying his 28 U.S.C. § 2254 habeas

petition. Because Hooper has not shown that the district court's decision is

debatable, or that there are issues present that deserve further treatment, we deny

the request for a COA.

## BACKGROUND

In 1993, Hooper shot his ex-girlfriend and her son and daughter each twice

in the head. He then buried them atop one another, doused them with gasoline,

and covered their grave with debris. Hooper was tried and convicted on three

counts of first-degree murder.

At sentencing, Hooper was sentenced to death on the basis of multiple aggravating circumstances. In federal habeas proceedings, the district court granted him relief from his death sentences, finding that defense counsel provided ineffective assistance in presenting mitigating evidence. This court affirmed. *See Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002).

On remand, Hooper sought to waive his rights to be sentenced by a jury and to present mitigating evidence. He was examined by a court-appointed expert, Dr. R. Shawn Roberson, and found to be competent. Defense counsel informed the court that Hooper had also been examined by a defense expert, Dr. Jeannie Russell, who had found no evidence that Hooper was incompetent. Indeed, Dr. Russell opined that he "appeared capable of appreciating the serious nature of the offenses and possible outcomes at sentencing," and "had the capacity to rationally assist his attorney in his defense if he chose to do so." Report of Dr. Russell at 3. She did note, though, that Hooper had "described a long history of depression." *Id.* at 4. The sentencing court found Hooper competent.

Throughout subsequent hearings, defense counsel reiterated that although Hooper was depressed, he was competent and had forbidden his defense team from proceeding with a mitigation case. Each time, the sentencing judge questioned Hooper and found him competent. Finally, the judge entered death sentences on all three counts, finding that (1) all counts shared the aggravating circumstances of risk-of-death-to-more-than-one-person and a-continuing-threat-

to-society; and (2) that the counts involving both murdered children shared the additional aggravator of murder-to-avoid-arrest-or-prosecution.

Hooper was formally sentenced to death in October 2004. After the death warrants were read, Hooper provided the court with a declaration, stating that he had directed defense counsel to forgo any appeals or post-conviction challenges. The court examined Hooper and found him competent to waive his rights.

In 2005, Hooper began taking anti-depressant medication, and changed his mind about being executed. Dr. Russell examined him again, and concluded for the first time that Hooper's depression in 2004 "prevent[ed] him from making a rational choice among his options." *Id.* at 5 (italics omitted). She stated that her new opinion arose from the fact that "[i]n 2004, Hooper based his decision [to accept execution] on his mood and thinking without medication." *Id.* at 6.

Hooper appealed his sentences to the Oklahoma Court of Criminal Appeals (OCCA), arguing that Oklahoma's prescribed questions for determining competency were insufficient, and that the competency inquiry employed at sentencing failed to account for his depression. The OCCA affirmed, and the federal district court, during habeas proceedings, concluded that the OCCA's determinations were reasonable.

This court initially denied a COA at a case management conference conducted by one judge. Hooper now seeks a panel's consideration of his COA request.

-3-

## DISCUSSION

## Standards of Review

An appeal may not be taken from the denial of federal habeas relief unless the petitioner first obtains a COA. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met if "reasonable jurists could debate whether (or, for that matter, agree that) the [habeas] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where the state appellate court addressed the merits of a petitioner's claims, as the OCCA did here, the Anti-Terrorism and Effective Death Penalty Act's (AEDPA's) "deferential treatment of state court decisions must be incorporated into our consideration of [the] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

-4-

**Competency**

In *Rees v. Peyton*, 384 U.S. 312, 314 (1966) (per curiam), the Supreme Court held that a prisoner's competency to waive his execution challenges must be judged by "whether he has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." Hooper argues that the OCCA violated *Rees* by not properly assessing the impact his depression had on his ability to rationally decide whether to accept the death penalty.

The OCCA noted that in 2004

> neither [defense] counsel nor the defense expert [Dr. Russell] believed that [Hooper's] condition affected [his] ability to make a valid waiver. [Dr. Roberson] specifically found that Hooper, while depressed, did not present with symptoms of a mental illness, and offered a rational basis for his decisions. Further, although [Dr. Roberson's] evaluation answers the standard competency questions, the evaluation itself explores Hooper's competency specifically as it relates to the death penalty and capital punishment issues.

*Hooper v. State*, 142 P.3d 463, 470 (Okla. Crim. App. 2006). Further, the OCCA discounted Dr. Russell's new opinion in 2005 that Hooper's decision was irrational because he was not medicated. It explained that Dr. Russell's new opinion "tells the Court what Hooper might do now, faced with the same options he had at the time of his sentencing hearing," but "it does not show that Hooper was unable to make a valid waiver at that time." *Id.*

-5-

The federal district court found the OCCA's competency determinations reasonable. We conclude that the district court's decision is not debatable.

A defendant's mental disorder does not necessarily render him incompetent. *See U.S. v. Mackovich*, 209 F.3d 1227, 1233 (10th Cir. 2000); *Lonchar v. Zant*, 978 F.2d 637, 642 (11th Cir. 1992); *Smith ex rel. Mo. Pub. Defender v. Armontrout*, 812 F.2d 1050, 1057 (8th Cir. 1987). In 2004, both Dr. Roberson and Dr. Russell were aware of Hooper's depression, but nevertheless found him competent. Even Hooper's counsel believed that Hooper was competent despite his depression. "Trial counsel's opinion should receive significant weight since counsel, perhaps more than any other party or the court, is in a position to evaluate a defendant's ability to understand the proceedings." *United States v. Turner*, 644 F.3d 713, 723 (8th Cir. 2011) (quotations and brackets omitted); *see, e.g.*, *Smallwood v. Gibson*, 191 F.3d 1257, 1279 (10th Cir. 1999) (giving weight to defense counsel's view of his client's competency). Moreover, the sentencing court repeatedly addressed the issue of competency with counsel and Hooper, and found him competent each time.

Finally, Dr. Russell changed her competency opinion solely because Hooper changed his mind while taking anti-depressant medication. But the fact that Hooper made a different decision when medicated does not by itself cast doubt on the initial competency determination—especially given that both experts were aware of his unmedicated depression. Nevertheless, Hooper proposes that it

is per se "irrational" to accept the death penalty, and therefore, he was incompetent in an unmedicated state. Mot. for Panel Consideration of COA at 14-15. We reject that proposition.

**CONCLUSION**

We conclude that the federal district court's resolution of Hooper's habeas petition is not debatable, and that there are no issues that merit further treatment. Accordingly, we DENY the application for a COA, and we DISMISS this appeal.

Entered for the Court,

ELISABETH A. SHUMAKER
Clerk of Court