FILED
United States Court of Appeals
Tenth Circuit

June 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID K. JENNER,

        Petitioner-Appellant,

v.

FRANCIS FAULK, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents-Appellees.

No. 13-1134
(D.C. No. 1:12-CV-03278-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After more than a decade spent unsuccessfully challenging his conviction for sexual assault in state court, David Jenner filed a petition for a writ of habeas corpus in federal district court. For its part, though, the district court dismissed the petition as untimely and denied Mr. Jenner's request for a certificate of appealability ("COA"). Mr. Jenner now asks that we undo the district court's COA denial and allow him to proceed with an appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We find no fault, however, in either the district court's reasoning or result, much less grounds on which to grant a COA. The district court found Mr. Jenner's federal petition was filed well outside the one year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1), and about this much there seems to be no real disagreement. Controversy arises only about the question of tolling. The district court acknowledged that the statute of limitations may be tolled under various circumstances, including during the pendency of "a properly filed application for State post-conviction . . . collateral review." *See* 28 U.S.C. § 2244(d)(2). The district court observed, too, that Mr. Jenner purported to have filed such an application in June 2010. But the district court held that the limitations period wasn't tolled by that particular filing because both a Colorado trial court and the Colorado Court of Appeals rejected it as out of time. And it is long settled that an untimely state post-conviction petition generally is not considered "properly filed" within the meaning of § 2244(d)(2) and thus does not toll the one-year federal limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Proffit v. Wyoming*, 446 F. App'x 83, 85 (10th Cir. 2011); *Kerchee v. Jones*, 428 F. App'x 851, 857 (10th Cir. 2011); *Reed v. Timme*, 389 F. App'x 850, 852 n.4 (10th Cir. 2010).

Mr. Jenner challenges this last step of the district court's analysis. He says that the state courts got state law wrong, that his June 2010 motion was actually timely under Colorado law. The difficulty with this line of argument is that it

isn't generally the province of federal courts to question the interpretation of state law offered by state courts: when a state court has determined that an application for state post-conviction collateral review is untimely under state law, that is usually "the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (internal quotation mark omitted); *see also Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009).

Separately, Mr. Jenner contends his June 2010 state post-conviction petition should be treated as "properly filed" for another reason: the Colorado Court of Appeals proceeded to address (and reject) the petition on the merits after ruling it untimely. But as the United States Supreme Court has explained, "[a] court will sometimes address the merits of a claim that it believes was presented in an untimely way," and a ruling on the merits of an out-of-time application in no way undermines the force of an alternative holding that the application is indeed untimely. *Carey v. Saffold*, 536 U.S. 214, 225 (2002).

Given these intractable obstacles he faces to relief, Mr. Jenner's request for a COA is denied and the appeal dismissed. Mr. Jenner's motion to proceed *in forma pauperis* is granted.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


- 3 -